LMH

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Wilkerson,            ) | No. CV 05-3303-PHX-DGC (JJM) |
|                             ) | |
| Plaintiff,      ) | **ORDER** |
|                             ) | |
| vs.                         ) | |
|                             ) | |
| Maricopa County Sheriff's Office, et al., ) | |
|                             ) | |
| Defendants.     ) | |
|                             ) | |

Plaintiff, who is presently a state prisoner, filed a civil rights action regarding conditions in the Maricopa County jail system. His action is one of more than one thousand similar actions filed since September 2004 regarding jail conditions. Shortly after filing his Complaint, Plaintiff filed a "Motion for Conformed Copy of Complaint for Service" (Dkt. #4). Plaintiff asserts that when he was in the jail, another inmate led him to believe that he could join an ongoing class action by filing a complaint. He also saw a notice posted in the jail informing inmates that they could join a class action. Plaintiff requests a copy of his Complaint because he is "unlearned in the law" and will be obtaining assistance on whether to proceed or voluntarily dismiss his action.

A plaintiff may dismiss an action without order of court by filing a notice of dismissal at any time before service of an answer or a motion for summary judgment. FED. R. CIV. P. 41(a). The right to voluntarily dismiss an action under these circumstances is absolute. See Commercial Space Management Co., Inc. v. Boeing Co., Inc., 193 F.3d 1074,

1077 (9th Cir. 1999). Defendants have not yet been served, and Plaintiff therefore has an absolute right to voluntarily dismiss his action at this stage of the proceedings.

Although there is an ongoing class action, Plaintiff cannot join it by filing a new complaint. The class action is known as Hart v. Hill, No. CV 77-0479-PHX-EHC (MS) (D. Ariz.). Many inmates apparently believe that they will receive an immediate payout from a fund established in that case, but no such fund exists. The inmates in Hart asked for injunctive relief and not monetary damages. The Court at this time expresses no opinion whether Plaintiff's present lawsuit may result in an award of damages. Plaintiff, however, is reminded that he signed his civil rights complaint under penalty of perjury, affirming that the allegations contained within it are true and correct.

Plaintiff is not entitled to obtain a *free* copy of his pleadings. If he would like a copy of his Complaint, he can make a written request to the Clerk of Court and submit a fee of $5.50 (11 pages at 50¢ per page). Consequently, the Court will deny his motion.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Conformed Copy (Dkt. #4) is **denied**.

DATED this 16th day of November, 2005.

David G. Campbell
United States District Judge

- 2 -